OPINION
{¶ 1} This matter is before us on an appeal[1] by numerous defendants-appellants[2] who are appealing an order of the Butler County Court of Common Pleas that: (1) found that the "medical criteria provisions" of Amended Substitute House Bill 292 cannot be applied prospectively to the asbestos claim of plaintiff-appellee, George A. Staley, but (2) administratively dismissed plaintiff-appellee's claim, anyway, pursuant to R.C. 2307.93(C).
 {¶ 2} From 1946 to his retirement in 1984, appellee was employed by A.K. Steel Corporation (f.k.a. Armco Steel Corporation), located in Butler County, Ohio. Appellee worked as a laborer in various jobs and locations around the plant. On November 16, 1999, appellee was diagnosed with asbestos-related disease.
 {¶ 3} On December 14, 2001, appellee filed a complaint against a number of companies (hereinafter "appellants"[3]) that have been engaged in the mining, processing or manufacturing, or sale and distribution of asbestos or asbestos-containing products or machinery. Appellee alleged that he had been exposed to asbestos or asbestos-containing products or machinery in his occupation, and that appellants were jointly and severally liable for his "asbestos-related lung injury, disease, illness and disability and other related physical conditions."
 {¶ 4} On September 2, 2004, Amended Substitute House Bill 292 (hereinafter "H.B. 292") went into effect. The key provisions of H.B. 292 are codified in R.C. 2307.91 to 2307.98. Among other things, these provisions require a plaintiff bringing an asbestos claim to make a prima facie showing that the exposed person has a physical impairment resulting from a medical condition, and that the person's exposure to asbestos was a substantial contributing factor to the medical condition. See R.C. 2307.92(B)-(D) and 2307.93(A)(1).
 {¶ 5} In December 2005, appellee filed a motion, with several exhibits attached, seeking to establish the prima facie showing required under H.B. 292. In March 2006, appellants filed a memorandum in opposition, asserting that appellee's proffered evidence failed to establish a sufficient prima facie showing to allow his case to proceed, and requesting that appellee's case be administratively dismissed pursuant to R.C. 2307.93(C).
 {¶ 6} In April 2006, the trial court held a hearing on the parties' various assertions regarding appellee's asbestos claim. At the hearing, appellee acknowledged that his evidence was insufficient to make the prima facie showing required under H.B. 292. Nevertheless, appellee argued that H.B. 292 should not apply to his asbestos claim since applying the new law to his case would constitute an unconstitutional retroactive application of the law.
 {¶ 7} On June 1, 2006, the trial court issued an "Amended Order of Administrative Dismissal" with respect to appellee's asbestos claim. The trial court began its analysis by adopting its recent decision inWilson v. ACS, Inc. (Mar. 7, 2006), Butler Cty. C.P. No. CV2001-12-3029, and finding "that the medical criteria provisions of H.B. 292 cannot be applied retrospectively to this case." However, the trial court then found that "the prima facie proceeding required by R.C.2307.92 is procedural and may be applied retrospectively." As a result of these findings, the trial court announced its intention to "review the prima facie materials [filed] in this case according to the law as it existed prior to H.B. 292's effective date of September 2, 2004."
 {¶ 8} The trial court concluded that the prima facie evidence presented by appellee — by appellee's own admission — failed "to meet the criteria for maintaining an asbestos-related bodily injury claim that existed prior to September 2, 2004." Consequently, the trial court administratively dismissed appellee's case, without prejudice, pursuant to R.C. 2307.93(C).
 {¶ 9} Appellants now appeal from the trial court's June 1, 2006 order, raising the following assignment of error:
 {¶ 10} "THE TRIAL COURT ERRED IN ITS INTERPRETATION THAT R.C. 2307.92
VIOLATES THE OHIO CONSTITUTION."
 {¶ 11} Appellants argue that the trial court erred in determining that it could not apply the procedural requirements outlined in R.C. 2307.92
without violating the ban on retroactive legislation contained in Section 28, Article II of the Ohio Constitution. We agree with this argument.
 {¶ 12} The trial court, citing its recent decision in Wilson, Butler Cty. C.P. No. CV2001-12-3029, found "that the medical criteria provisions of H.B. 292 cannot be applied retrospectively to this case." The trial court did not define what it meant when it used the phrase "medical criteria provisions of H.B. 292," but presumably, the court was referring to the "minimum medical requirements" listed throughout R.C.2307.92, and the definitions of certain key terms in R.C. 2307.91, like "competent medical authority." See, e.g., R.C. 2307.91(Z) (defining "competent medical authority").
 {¶ 13} However, in Wilson v. ACS, Inc., Butler App. No. CA2006-03-056, 2006-Ohio-6704, this court reversed the trial court's decision. In Wilson, this court held that R.C. 2307.91, 2307.92, and2307.93 were procedural or remedial provisions rather than substantive ones, and, therefore, their retroactive application to cases filed before the effective date of those provisions (i.e., September 2, 2004), did not violate the ban on retroactive legislation contained in Section28, Article II of the Ohio Constitution.
 {¶ 14} In light of our decision in Wilson, the trial court erred when it found that "the medical criteria provisions of H.B. 292 cannot be applied retrospectively to this case[,]" and when it decided to "review the prima facie materials [filed] in this case according to the law as it existed prior to H.B. 292's effective date of September 2, 2004."
 {¶ 15} The trial court's decision to administratively dismiss appellee's case pursuant to R.C. 2307.93(C) was correct. Appellee conceded during these proceedings that he did not make the prima facie showing required under R.C. 2307.92 and 2307.93. For the reasons stated in our decision in Wilson, those provisions apply to appellee's case. Because appellee could not make the requisite prima facie showing, the trial court was obligated to dismiss appellee's asbestos claim without prejudice pursuant to R.C. 2307.93(C).
 {¶ 16} However, if appellee seeks to reinstate his case pursuant to R.C. 2307.93(C), then he must make the prima facie showing that meets the minimum requirements specified in R.C. 2307.92(B), (C), or (D), whichever is applicable. See R.C. 2307.93(C) ("Any plaintiff whose case has been administratively dismissed under this division may move to reinstate the plaintiff's case if the plaintiff makes a prima-facie showing that meets the minimum requirements specified in division (B), (C), or (D) of section 2307.92 of the Revised Code"). Appellee maynot rely on the law as it existed prior to September 2, 2004, as the trial court indicated in its decision.
 {¶ 17} Appellants' assignment of error is sustained.
 {¶ 18} The trial court's June 1, 2006 order is affirmed in part and reversed in part, and this cause is remanded to the trial court with instructions to issue a new order consistent with this opinion and in accordance with the law of this state.
YOUNG and BRESSLER, JJ., concur.
[1] This matter is sua sponte removed from the accelerated calendar.
[2] The defendants-appellants in this case are: 3M Company, Oglebay Norton Company, Certainteed Corporation, Union Carbide, CBS Corporation, Uniroyal, Inc., Georgia-Pacific Corporation, Cleaver-Brooks, Inc., Maremont Corporation, Foster Wheeler Energy Corporation, and Rapid American Corporation.
[3] The companies named as defendants in Staley's original complaint included the companies listed in fn. 2, plus a number of other companies who were eventually dismissed as defendants to this action. For ease of reference, we shall refer to all of these defendants as "appellants" even though several of them have been dismissed from this action and are not parties to this appeal.